**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

**RINA MARTA RAMOS TEJADA**
an individual,                                        Hon.
Plaintiff,                                             Case No.

v.

**LACKS ENTERPRISES INC.**
Domestic Profit Corporation,
**AIMS ADVANTAGE INC.**
Domestic Profit Corporation,
Defendants

| | |
|---|---|
| **AVANTI LAW GROUP, PLLC**<br>Robert Anthony Alvarez (P66954)<br>Victor M. Jimenez Jr. ( P85194)<br>Attorney for Plaintiff<br>600 28th St. SW<br>Wyoming, MI 49509<br>(616) 257-6807<br>ralvarez@avantilaw.com<br>vjimenez@avantilaw.com | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff  Rina Marta Ramos Tejada, ("Tejada"), by and through her attorneys at

Avanti Law Group, PLLC, and states in support of his Complaint the following:

**NATURE OF ACTION**

1. This is an action brought by Plaintiff under Title VII of the Civil Rights Act of 1964 ("Title

   VII") as amended, 42 USC § 2000e *et seq.,* and the Michigan Elliott Larsen Civil Rights

   Act, MCL 37.2101 *et seq.,* to remedy Defendant's discrimination on the basis of her national

   origin to provide Plaintiff with appropriate relief for having been adversely affected by

   Defendants Lacks Enterprise Inc. (hereinafter referred to as "Lacks") and Aims Advantage

   Inc.(hereinafter referred to as "Aims"). Plaintiff alleges that Defendants unlawfully

1

discriminated against her and subjected him to disparate treatment with respect to the terms, conditions, and privileges of his employment because of her national origin.

## JURISDICTION AND VENUE

2.  Jurisdiction of this Court is invoked pursuant to 42 USC §2000e-5 and 28 USC §1331, §1343(a)(4).

3.  Supplemental jurisdiction is appropriate because Plaintiff's state law claims share a common nucleus of operative fact with Plaintiff's federal claim and the claims are most efficiently resolved together in one court.

4.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Michigan.

5.  Plaintiff has fulfilled all the conditions precedent to the institution of this action under 42 U.S.C. §2000(e). On or about April 12, 2023, Plaintiff filed a timely charge of discrimination against Aims Advantage Inc. with the Equal Employment Opportunity Commission ("EEOC"), EEOC #23A-2023-469. The charge alleged that she had been discriminated against on the basis of her national origin, in violation of Title VII.

6.  Plaintiff has fulfilled all the conditions precedent to the institution of this action under 42 U.S.C. §2000(e). On or about April 12, 2023, Plaintiff filed a timely charge of discrimination against Lacks Enterprise, Inc. with the Equal Employment Opportunity Commission ("EEOC"), EEOC #23A-2023-468. The charge alleged that she had been discriminated against on the basis of her national origin, in violation of Title VII.

7.  The EEOC issued a Dismissal and Notice of Rights letters on February 12, 2023 and March 25, 2025 ("Notice") to Plaintiff. *See Exhibit A*.

2

8. Plaintiff received the issue Dismissal and Notice of Right letters on March 12, 2025 and March 31, 2025.

9. This Complaint has been filed within ninety (90) days of receipt of the Notice.

## PARTIES

10. Plaintiff Rina Marta Ramos Tejega is an adult individual residing in Kentwood, Michigan.

11. Defendant Lacks Enterprises Inc. (hereinafter referred to as "Lacks") is a manufacturer in the automotive parts and finish decor technologies.

12. Defendant Lacks Enterprises Inc.'s  headquarters is located at 5460 Cascade Road Se. Grand Rapids, MI 49546 and has multiple manufacturing facilities throughout Michigan.

13. Defendant Aims Advantage Inc. (hereinafter referred to as "Aims") is a Michigan Domestic Profit Corporation who is located at 2916 Chicago Dr. SW Grandville, MI 49418.

14. Plaintiff was employed at the manufacturing site that is located in Grand Rapids Michigan.

15. At all relevant times, Defendant was an employer engaged in an industry affecting commerce within the meaning of section 701(b),(g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## GENERAL ALLEGATIONS

16. Plaintiff is a Hispanic female.

17. Plaintiff worked as a full-time Machine Operator for Defendant Lacks.

18. From approximately June 2022 through March 17, 2023, Plaintiff was actively employed by Defendants.

19. Since the beginning of her assignment at Lacks, Plaintiff was subject to bullying and harassment by two individuals, which she reported to her supervisor.

20. Plaintiff's Supervisor began to single Plaintiff out by assigning her to operate the machine alone, while other employees were placed in teams.

21. When Plaintiff's sister, who also worked at Lacks, wanted to help Plaintiff out, her supervisor would state "do not help her out", further isolating Plaintiff from the team.

22. In March 2023 Plaintiff contacted Defendant Aims to report the ongoing mistreatment at Lacks.

23. Approximately eight days later, a representative of Aims inquired about her Immigration status. Plaintiff inquired as to why her immigration status was being questioned after months of employment. The Aims representative responded back with "If you do not have papers, why do you complain."

24. On or about March 17, 2023, Plaintiff was terminated from her employment.

## <u>COUNT I</u>

## <u>RACE DISCRIMINATION</u>

25. Plaintiff incorporates by reference all previous paragraphs as if fully stated herein.

26. At all material times, Defendant was an employer, covered by and within the meaning of Title VII of the Civil Rights Act of 1964 (Title VII), and the Michigan Elliott Larsen Civil Rights Act, MCL 37.2101 et seq. as amended.

27. Plaintiff's race was a factor that made a difference in Defendant's decision to subject her to the wrongful and discriminatory treatment described above.

28. Defendants, by its agents, representatives, and employees, were predisposed to discriminate on the basis of race and acted in accordance with that predisposition.

29. Defendants' actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

30. If Plaintiff had been caucasian person, she would not have been treated in the manner described.

31. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

**COUNT II**
**VIOLATION OF ELLIOT LARSEN CIVIL RIGHTS ACT OF 1976,**
**M.C.L. 37.2101, et seq.**

32. Plaintiff hereby incorporates and realleges all of the paragraphs above.

33. At all material times, Defendants were an employer covered by and within the meaning of the Elliott-Larsen Civil Rights Act of 1976, M.C.L. 37.2201, et seq.,  and Plaintiff was their employee.

34. Plaintiff's national origin was at least one factor in Defendants' decision to subject her to the discriminatory treatment described above.

35. Had Plaintiff been a caucasian person, she would not have been terminated.

36. Defendants, through its agents, representatives, and employees, treated Plaintiff differently from similarly situated non-hispanic employees in the terms and conditions of employment, based on unlawful consideration of national origin.

37. The effect of the practices complained of above has been to discriminate against Plaintiff with respect to her terms, conditions and privileges of employment based on her national origin in violation of ELCRA.

38. Defendants have engaged in unlawful employment practices in violation of ELCRA by demoting Plaintiff because of her national origin.

5

39. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of earnings and earning capacity; loss of career opportunities; mental and emotional distress; and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter Judgment in her favor against Defendant for the following relief:

A. Lost wages and benefits, past and future, in whatever amount Plaintiff is found to be entitled to;

B. Other compensatory damages in whatever amount Plaintiff is found to be entitled to;

C. Punitive and exemplary damages commensurate with the wrong;

D. An award of interest, costs, and reasonable, actual attorney fees; and

E. Other statutory, legal or equitable relief the Court may deem just or equitable.

Dated:June 09,2025                           Respectfully Submitted,

                                            */s/   Robert Anthony Alvarez*          .
                                            Robert Anthony Alvarez (P66954)
                                            Attorney for Plaintiff
                                            Avanti Law Group. PLLC

6

## **REQUEST FOR TRIAL BY JURY**

NOW COMES Plaintiff, by and through her attorney, and hereby requests a trial by jury pursuant

to Rule 38 of the Federal Rules of Civil Procedure.

Dated:June 09, 2025                                    Respectfully Submitted,

                                                       */s/   Robert Anthony Alvarez*            .
                                                       Robert Anthony Alvarez (P66954)
                                                       Attorney for Plaintiff
                                                       Avanti Law Group, PLLC